UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VIRGIL HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00211-SRC |
| | ) | |
| OFFICE OF U.S. ATTORNEY et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum and Order**

Virgil Hall, a self-represented litigant, sued the Office of the U.S. Attorney and the United States Probation and Supervised Release Office.  Doc. 1 at 2–3 (The Court cites to page numbers as assigned by CM/ECF.).  Hall seeks monetary damages for alleged constitutional violations arising from his federal prosecution, conviction, and revocation of supervised release.  *Id.* at 5.  He also moves for leave to proceed *in forma pauperis*,  doc. 3, and for appointment of counsel, doc. 6 at 14.

Having reviewed Hall's motion to proceed *in forma pauperis*, doc. 3, the Court finds that he lacks sufficient funds to pay the filing fee, *see* 28 U.S.C. § 1915(a)(1).  The Court therefore grants Hall's motion to proceed *in forma pauperis*.  Doc. 3.  But for the reasons stated below, the Court dismisses this action under 28 U.S.C. § 1915(e)(2)(B).

I.    **Background**

Hall filed this civil action in February 2025.  Doc. 1.  In March 2025, he filed an amended complaint.  Doc. 6.  The amended complaint is nearly identical to the original but clarifies Hall's request for relief.  *Compare* doc. 1 at 11, *with* doc. 6 at 13.  In his original filing, Hall wrote only "Plaintiff need[s] to be award[ed]."  Doc. 1 at 11.  In his amended complaint, he

specifies that he seeks $10,000 per day in damages and a certificate of innocence. Doc. 6 at 13. The amended complaint completely replaces the original complaint. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

In his amended complaint, Hall alleges that authorities arrested him in Utah on November 3, 2010. Doc. 6 at 9. Utah dismissed its charges on December 8, but Hall remained in custody— he says at the request of his public defender—until the government indicted him in federal court on December 15. *Id*. He claims that the court "allegedly arraigned" him on December 20, and that the government filed a "probable cause warrantless arrest" document but failed to advise him of all the charges. *Id*. He says that while he never entered a plea, his co-defendant Larry Woods pleaded not guilty. *Id*.

Hall alleges that he filed a speedy-trial motion in February 2011, but that his trial did not begin until June 8. Doc. 6 at 10. Following the jury's guilty verdict, the court sentenced him on November 8, 2011, to ten years in prison and five years of supervised release. *Id*.

Hall further claims that officials continued to violate his rights after the District of Utah transferred jurisdiction over his supervised release to this District. Doc. 6 at 10–11. He says that officials illegally arrested him on December 3, 2019, and that this Court sentenced him to three months in prison. *Id*. at 10. He states that the Court later sentenced him to six months on April 30, 2021. *Id*. at 11. Hall adds that in 2024, U.S. Marshals came to his mother's apartment, causing the building to ban him, leaving him homeless. *Id*. He says he turned himself in on October 1, 2024, and remained in federal custody until October 21. *Id*.

Hall concludes that both the District of Utah and the Eastern District of Missouri lacked jurisdiction over his proceedings. Doc. 6 at 11. He seeks $10,000 per day in damages and a certificate of innocence. *Id*. at 8, 13.

## II.    Standard

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).  In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal

3

framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III.   Discussion

The Court dismisses Hall's amended complaint for three reasons. First, civil tort actions are an improper vehicle to challenge a criminal judgment. Second, sovereign immunity bars suits against federal agencies. And third, even liberally construed, Hall does not state a claim upon which the Court can grant relief.

### A.      Improper vehicle for relief

Hall seeks damages for his allegedly unconstitutional detention and prosecution. But Hall cannot proceed on a damages claim if the Court's favorable ruling may imply that his federal conviction or sentence was invalid. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Meaning, unless Hall's conviction or sentence has been reversed, expunged, declared invalid by a state tribunal authorized to make such a determination, or has been called into question by issuance of a writ of habeas corpus, he cannot sue for damages. *See id.* Here, Hall directly challenges his criminal judgments but does not show that a court has invalidated them. Thus, *Heck* bars this Court from entertaining his claim.

4

### B.    Sovereign immunity

And even if Hall could overcome *Heck*, sovereign immunity bars his claims. Hall names only federal agencies as defendants. But "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citation omitted). And Hall does not claim that the United States waived sovereign immunity here. So sovereign immunity bars Hall's claims. *See id*.

### C.    Failure to state a plausible claim to relief

Finally, Hall's pleadings also do not state a plausible claim to relief under either 42 U.S.C. § 1983 or *Bivens*. Section 1983 provides a private cause of action against persons who, acting under color of state law, deprive another of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). That is, section 1983 only applies to state actors, not to federal agencies. *Id*.

And in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, the Supreme Court recognized an implied cause of action against federal officers for certain constitutional violations. 403 U.S. 388 (1971). But *Bivens* extends only to federal officers sued in their individual capacities. *See Meyer*, 510 U.S. at 485–86.

Hall names neither state actors nor federal officials in their individual capacities. Thus, sovereign immunity aside, Hall's allegations still don't state a claim upon which the Court can grant relief.

**IV.    Conclusion**

Accordingly, the Court grants Hall's [3] motion to proceed *in forma pauperis* but

dismisses this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).  The Court therefore denies

as moot Hall's [2] motion to appoint counsel.  A separate order of dismissal accompanies this

Memorandum and Order.

So ordered this 25th day of September 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE